UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA K. CRUME,<br><br>    Plaintiff,<br><br>    v.<br><br>BI-MART CORPORATION,<br><br>    Defendant. | NO.  CV-12-3003-JPH<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**I. INTRODUCTION**

BEFORE THE COURT is defendants' motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment, ECF No. 22, heard by the court on March 22, 2013. Defendant moved for summary judgment on all claims. On February 6, 2013, plaintiff responded. ECF No. 33, 34. Defendant replied on February 20, 2013, filed a statement of supplemental facts and moved to strike portions of plaintiff's and plaintiff's counsel's declarations. ECF No. 36-37, 41-43. The court ruled on these motions by order dated March 18, 2013. ECF No. 52.

Plaintiff is represented by Laura B. Allen. Defendant is represented by Michael B. Love. The parties have consented to proceed before a magistrate judge. ECF No. 14.

Plaintiff's amended complaint alleges six claims arising from her employment termination.

ORDER ON SUMMARY JUDGMENT
 1

## II. FACTS

Plaintiff, Sandra Kay Crume, worked for defendant (Bi-Mart) for 22 years. She was a customer service manager and area cashier coordinator. Crume alleges she was fired for improper reasons, including in retaliation for reporting alleged liquor law violations by first assistant manager Danny Munholand, and because she has a disability, migraine headaches. Bi-Mart asserts Crume was fired for taking a watch battery out of the store without paying for it, and then failing to mention it until she was confronted more than two weeks later.

More specifically, on August 5, 2011, Crume returned to work after vacation. She was experiencing a migraine headache. Munholand observed Crume was not feeling well or was having a migraine. ECF No. 33-7 at pp. 283-85.

Crume dropped off a watch at the photo department for repair and returned to work. ECF No. 24 at p. 2; 33 at Ex. 1, pp. 103, 106-08, 33 at Ex. 3, p. 174; 33 at Ex. 4, p. 187-89; 34 at pp. 5-6.

Sometime later Munholand he claims he heard Crume slurring her speech, saw that her eyes looked glazed and noted that, at times, she appeared to have trouble walking. ECF No. 33-7 at 285-87. Munholand called district manager Rod Janshen, who in turn advised Munholand to call personnel manager Sandra Finch. ECF No. 33-7 at 288.

Finch told Munholand that two store managers must witness an employee's intoxication before the employee can be drug tested. She told Munholand to have the other manager, Jesus (Jesse) Diaz Roman observe Crume. ECF No. 33-7 at 289-90. Diaz observed Crume and told Munholand he thought she might be intoxicated. Munholand called Finch again, then

ORDER ON SUMMARY JUDGMENT
 2

summoned Crume to the office and told her he thought she was under the influence of something. ECF No. 33-7 at 290-93.

Crume became very upset when told she was being sent for a drug test. She left, distraught, without signing a consent form, and admits she did not pay for the watch battery. She went home and then went with her husband to be tested. Hours after Crume left the store, Munholand saw the battery packaging at a register. He called Janshen who advised that he (Janshen) would take it "from here." With Crume's employee discount, the price of the battery was forty cents. ECF No. 33-3 at 174, 177, 234-236, 283, 285-293, 295, 298-301; 34 at 23.

Crume was suspended from work pending the test results. The results were negative for illegal drugs and alcohol, and positive for a medication prescribed for Crume's migraines. Bi-Mart told Crume to return to work on August 23, 2011. ECF No. 33-2 at 117; 33-3 at 179.

When she came to work, Crume was told to go to the office. She was interviewed or "interrogated" by loss prevention officer Kristi Hafdahl for over an hour. Hafdahl told Crume to write a statement about the watch battery. She thought it was "too long" and asked her to write a shorter version. Hafdal told Crume she needed to pay for the battery, plus a $200.00 civil penalty, or she would lose her job. Crume wrote a check for $204.00. Hafdahl told Crume she was on unpaid suspension and asked that she return the watch battery. Crume called her daughter, who brought the watch to the store. Hafdahl called the police. After their review the police found no probable cause for theft. ECF No. 33-4 at 189-91.

Crume later stopped payment on the $204.00 check and gave Bi-Mart

ORDER ON SUMMARY JUDGMENT
3

a check in the amount of $4.99, the retail price of the battery. On August 30, 2011, Bi-Mart fired Crume. ECF No. 33-4 at pp. 179, 182, 189-191. 33-5 at pp. 196, 198, 207, 209, 215; 33-6 at pp. 238-241, 247; 33-14 at pp. 329; 33-17 at pp. 355-56; 33-18 at pp. 359-361.

### III. CLAIMS

Crume alleges wrongful discharge, defamation, invasion of privacy, attempted extortion, disability discrimination and failure to accommodate. ECF No. 35-2.

### IV. SUMMARY JUDGMENT

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the responsibility of informing the court of its basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact, 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991)(quoting *Richards v. Neilsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987)). The non moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex*, 477 U.S. at 322-23.

ORDER ON SUMMARY JUDGMENT
4

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. *Id.; In re Agricultural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

The court's inquiry at summary judgment is therefore whether a reasonable jury could find by the preponderance of the evidence that the nonmoving party is entitled to a verdict. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 252 (1986).

**V.   DISCUSSION**

**A. Claim one: discharge against public policy for reporting possible liquor law violations/anti-competitive trade practices**

Crume alleges defendant fired her against public policy, because Crume reported an alleged violation of state liquor laws by Danny Munholand to store manager Heather Hosak.

The incident surrounding the alleged liquor violation occurred on July 13, 2001. While at work Crume, Munholand, another worker, Jessica Ventura, and a beer vendor were present. The vendor said to Munholand

ORDER ON SUMMARY JUDGMENT
 5

that he had some extra alcohol or samples of beer. The vendor asked Munholand if he should put it in the same spot as normal. Crume thought the vendor also offered to put the beer samples by Munholand's truck. Munholand rolled his eyes and the vendor said "okay." Ventura and Crume both overheard the conversation. Munholand acknowledged the conversation, which he described as the vendor asked jokingly if Munholand would like to try some new stuff, and he declined. ECF No. 33 at p. 2 ¶¶ 2.1-2.4; 33-7 at p. 48.

Crume reported the conversation to manager Hosak. Crume alleges she was fired in retaliation for making the report, and Bi-Mart's reliance on Crume taking a watch battery without paying was a pretext for the firing. ECF No. 33 at p. 2 ¶2, 33 at p. 3 ¶ 2.9.

Crume alleges Bi-Mart's acts violated Title 66 of the Revised Code of Washington and Chapter 314 of the Washington Administrative Code. As a result of the wrongful discharge, Crume alleges she sustained injuries and damages including loss of income, benefits and job advancement (current and future); threats to her credit rating; out of pocket costs; reduced employability; mental and emotional anguish; harassment; intimidation; inconvenience and loss of reputation. ECF No. 35-2 at ¶¶ 6, 14, 16, citing 15 U.S.C. ¶ 1692k and section 13.

Defendant answers that Crume was fired for "violating store policy by leaving the premises of the store without paying for store merchandise," not because she reported Munholand's alleged illegal liquor activities. ECF No. 23 at 16.

Wrongful discharge in violation of public policy is an exception to the at-will doctrine. It has generally been allowed in four different

ORDER ON SUMMARY JUDGMENT
 6

situations: (1) where employees are fired for refusing to commit an illegal act; (2) where employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and (4) where employees are fired in retaliation for reporting employer misconduct, *i.e.*, whistleblowing. *Garner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 936 (1996), citing *Dicomes v. State*, 113 Wn. 2d 612, 618 (1989).

In *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219 (1984), the court ruled a plaintiff could satisfy the elements of a wrongful discharge claim by showing the discharge may have contravened a clearly stated public policy. *Id*. at 232. Once a plaintiff shows the violation of a public policy, the burden shifts to the employer to prove the dismissal was for reasons other than those alleged by the employee. *Id*. at 233. *See also Wilmot v. Kaiser Aluminum & Chem. Corp.*, 118 Wn.2d 46, 70(1991)("[E]mployer must articulate a legitimate nonpretextual nonretaliatory reason for the discharge.").

Determining what qualifies as a clear mandate of public policy is a question of law. *Gardner*, 128 Wn.2d at 937, citing *Dicomes*, 113 Wn.2d at 617.

The court must decide whether any of the public policies put forth by Crume were violated when Bi-Mart discharged her, and whether the alleged violation of the public policies would warrant recovery. *Gardner* set out the four elements: (1) The plaintiff must prove the existence of a clear public policy (the *clarity* element); (2) The plaintiff must prove that discouraging the conduct in which he or she engaged would

ORDER ON SUMMARY JUDGMENT
 7

jeopardize the public policy (the *jeopardy* element); (3) The plaintiff must prove that the policy-linked conduct caused the dismissal (the *causation* element); and (4) The defendant must not be able to offer an overriding justification for the dismissal (the *absence of justification* element). *See Gardner*, 128 Wn.2d at 941.

*Clarity*. First, Crume proposes a public policy of promoting and protecting fair competition in liquor distribution. As support she cites R.C.W. 9A.68.060, 16.56.020,.030;  19.86.020,, 19.86.050, 66.28.040, 66.28.070, 66.28.285-.320, Washington Administrative Code 314-02-108; 314-11-015; 314-12-010, .015, .140; 314-13-010; and 314-21. *See* ECF No. 34 at 3-6.

Crume alleges "termination from her job for her report that Munholand may be receiving free liquor from a vendor was the result of both the 'performance of a public duty or obligation' and 'in retaliation for reporting employer misconduct.'" ECF No. 34 at 5, citing *Gardner*, 128 Wn.2d at 935-36. Crume characterizes the policy as preventing corrupting undue influence on liquor sellers in order to promote and protect fair competition. ECF No. 34 at 5-6.

She is correct that preventing anti-competitive trade practices is a clearly recognized public policy in the state of Washington.

As noted, Crume reported what may have been an arrangement to accept free liquor from one of Bi-Mart's vendors, reported it to another manager, and, a few weeks later, Crume was fired. As a matter of law, the court notes the public policy exception is to be narrowly construed. Gardner, 128 Wn.2d at 936-37 (citations omitted). The legislative expressions on the subject cited by Crume constitute a clear mandate

ORDER ON SUMMARY JUDGMENT
 8

favoring competitive trade practices. Crume meets the clarity element because she shows, for purposes of summary judgment, that a "clear mandate of public policy was violated," as required by *Thompson*. 102 Wn.2d 219, 231-32 (1984).

*Jeopardy*. Crume alleges fair competition would be seriously jeopardized if a retailer could simply fire an employee for reporting any potential violation. ECF No. 34 at 6-9.

To prevail Crume must show that other means of promoting the policy of fair competition were inadequate and that bringing this claim was the only available means of promoting the public policy. *See Hubbard v. Spokane County,* 146 Wn.2d 699, 713 (2002). Citing *Cudney v. Alsco*, *Inc.,* 172 Wash. 2d 524 (2011), defendant asserts Crume fails to show jeopardy because she had the adequate option of reporting what she heard to police. *Cudney,* however, indicates we must ask whether existing protections are adequate to protect the public policy. 172 Wash.2d at 549 n. 3. Unlike reports implicating public safety, anti-competitive trade practices are not clearly a police matter; further, the policy is much more likely to be adequately protected by the employer who knows the business practices and may effectively escape regulation if potential whistle-blowers like Ms. Crume are fired for speaking up.

The court is persuaded based on the record and for summary judgment purposes that bringing the matter to the attention of the employer likely was the only means of adequately promoting the public policy of promoting fair competition and preventing anti-competitive trade practices.

*Causation and Absence of Overriding Justification*. Crume alleges

ORDER ON SUMMARY JUDGMENT
 9

these elements present jury issues. ECF No. 34 at 10-15. Defendant responds that Crume must show she was engaged in protected activity, Bi-Mart took adverse action against her, and retaliation was a substantial factor behind Bi-Mart's adverse action of firing Crume. ECF No. 23 at 14.

Crume shows that reporting Munholand's conversation, which indicated improper and possibly criminal conduct, is protected activity. With respect to causation, there is evidence Crume did not commit theft. The police, for example, found no probable cause to arrest or charge her with theft. There is evidence defendant did not believe Crume stole a forty cent battery but fired her for setting aside merchandise. This raises an inference that her termination allegedly for theft was instead motivated by retaliation for reporting Munholand's activities to management. The timing is also close between Crume's report and her firing. Accordingly, whether retaliation was a substantial factor behind the firing is a question for the jury. Although Crume admitted taking the battery without paying for it, she presents facts which, if believed, show she was fired in retaliation for reporting Munholand's conduct and taking the battery was not an overriding justification as posited by defendant.

As the nonmoving party, Crume produces at least some significant probative evidence tending to support this claim. Accordingly, defendant is not entitled to summary judgment as a matter of law. Defendant's motion for summary judgment as to this claim, ECF No. 22, is **DENIED**.

///

///

ORDER ON SUMMARY JUDGMENT
 10

**B. Claim two: discharge against public policy for refusing to acquiesce to attempted extortion**

Crume alleges defendant wrongfully fired her because she refused to "acquiesce to attempted extortion," in violation of clear public policy. According to Crume, loss prevention officer Kristi Hafdahl told Crume she would lose her job if she did not pay $200.00, in "violation of clear public policies of the state of Washington." ECF No. 35-2 at ¶ 20. Crume alleges resulting damages. ECF No. 35-2 at ¶ 24.

*Clarity.* Crume posits the clear public policy is preventing citizens from becoming victims of crime, assisting victims of crime and preventing extortion. ECF No. 34 at 15. It is clear that public policy promotes preventing extortion. *See e.g.*, RCW 9A.56.120; *State v. Hansford*, 22 Wn. App. 725, 727-28 (1979).

*Jeopardy.* Crume's second public policy claim however on the jeopardy element. She fails to show that other means of promoting the public policy of preventing extortion are inadequate. *See e.g., Cudney v. ALSCO, Inc.*, 172 Wn.2d 524, 529-31 (2011). Other means include the "existence of hardy statutory remedies" found in the state's criminal code that hold responsible those found to have violated their provisions. *Id.* at 530-31. Crume had the effective option of reporting alleged extortion to the police, clearly a matter within their purview. And she did so in this case. Crume's attempt to distinguish *Cudney* with respect to this claim is unavailing.

*Causation and Overriding Justification.* Crume alleges Bi-Mart fired her because her husband stopped payment on a $204.00 check and replaced it with one for $4.99. This is the basis Crume relies on when she

ORDER ON SUMMARY JUDGMENT
 11

alleges she was fired because she "refused to acquiesce in attempted extortion." [See also Section E below.] There is no evidence of causation.

This claim fails as a matter of law. Accordingly, defendant's motion for summary judgment, ECF No. 22, as to Crume's second public policy claim is **GRANTED** and this claim is dismissed with prejudice.

**C. Claim three: defamation per se**

Third, Crume alleges Bi-Mart's statements (to police, Employment Security, the Office of Administrative Hearings and a collection agency) were false, constitute defamation per se and caused general damages. ECF No. 35-2 at ¶¶ 26-30.

In order to show defamation Crume must show (1) a provably false statement (2) an unprivileged communication (3) fault and (4) damages. *Valdez-Zontek v. Eastmont Sch. Dist.*, 154 Wn. App. 147, 157 (2010); *Bender v. City of Seattle*, 99 Wn.2d 582, 599 (1983).

Defendant answers that the Anti-SLAPP[1] statute, RCW 4.24.510, applies and grants Bi-Mart immunity from civil liability for their acts of communicating a complaint or information to the police, the Washington Employment Security Department (ESD) and the hearings office. ECF No. 23 at 16-17.

The statute provides

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government ... is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization.

---

[1] The Washington Act Limiting Strategic Lawsuits Against Public Participation.

ORDER ON SUMMARY JUDGMENT
 12

RCW 4.24.510.

The legislature enacted the statute conferring immunity to encourage the reporting of potential wrongdoing to governmental entities. *Bailey v. State*, 147 Wn.App. 251, *review denied*, 166 Wn.2d 1004 (2008). The qualified privilege, however, may be abused. It is plaintiff's burden to prove abuse by showing knowledge or reckless disregard as to the falsity of the statement. Proof of abuse of the privilege requires clear and convincing evidence. *Bender v. City of Seattle*, 99 Wn.2d 582, 601-02 (1983)(citations omitted).

Crume alleges "there is no evidence that the defendant made statements regarding issues of 'public interest or social significance' or that were of '*reasonable concern*' to any agency." ECF No. 34 at 26 (emphasis added).

First, the uncontroverted facts do not support defamation per se because Bi-Mart's reports were substantially true. Bi-Mart reported and Crume admitted she removed store property without paying for it and thereafter failed to mention it to anyone at Bi-Mart although she returned to the store as a customer three or four times during the next two weeks. ECF No. 24-2 at 124. Although alternative explanations are possible, the reports are substantially true. Second, with respect to claimed abuse of privilege, Crume is mistaken. These facts are clearly of reasonable concern to the police, and to EDS for determining unemployment benefit eligibility. Defendant is correct that Crume fails to present evidence showing Bi-Mart abused any privilege. ECF No. 36 at 11-13.

ORDER ON SUMMARY JUDGMENT
 13

Similarly, Crume alleges she was defamed when Bi-Mart communicated to a collection agency that she owed $200.00. ECF No. 34 at 25-26. A defamation claim requires, as noted, a provably false statement. *Valzez-Zontek v. Eastmont Sch. Dist.*, 154 Wn.App. 147, 157 (2010). The claim fails because Bi-Mart's statement was substantially true.

Crume's defamation claim fails as a matter of law. Defendant's motion for summary dismissal of this claim, ECF No. 22, is **GRANTED** and it is dismissed with prejudice.

**D. Claim four: false light invasion of privacy**

Crume alleges Bi-Mart publicized statements and claims that placed her in a false light[2], that the statements would be highly offensive to a reasonable person, that defendant knew or should have known of the falsity of the publications and the false light in which Crume was placed, and this caused damage. ECF No. 35-2 at ¶¶ 32-35.

A false light claim arises when someone publicizes a matter that places another in a false light if (a) the false light would be highly offensive to a reasonable person and (b) the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed. *Eastwood v. Cascade Broadcasting Co.*, 106 Wn.2d 466, n.2 (1986), citing Restatement (Second) of Torts § 652E (1977).

---

[2]On December 28, 2011, Crume reported to police Bi-Mart had attempted to extort money from her. During the ensuing investigation Crume alleges Bi-Mart told police that she was fired for theft and accused her of "being intoxicated or under the influence of drugs at work on several occasions." The police forwarded the complaint to the prosecutor's office and no action has been taken. ECF No. 33-2 at ¶¶ 2.113, 2.114, 2.115; ECF No. 33-4 at ¶¶ 20-21; ECF No. 24-15 at pp. 8-9. Accepting these facts as true, Crume fails to show publication.

ORDER ON SUMMARY JUDGMENT
 14

Defendant responds that this claim fails because Bi-Mart did not publicize information about Ms. Crume to the public at large. There is no evidence Bi-Mart communicated to the public Crume's drug test results, Bi-Mart's concerns about Crume's possible impairment at work or that Bi-Mart sent Crume's bill to a collection agency. ECF No. 23 at 19.

Defendant is correct. Crume's false light claim fails because no statements about her were publicized. Crume cites *Reid v. Pierce County*, 136 Wn.2d 195, 211-12 (1998), wherein she alleges "the Washington Supreme Court found dissemination of private facts at a few cocktail parties was sufficient to meet the publication requirement." ECF No. 34 at 28.

*Reid* does not aid Crume. The *Reid* court found that by "displaying the autopsy photographs, a matter private to the lives of the Plaintiffs was given publicity by the County." *Reid*, 136 Wn.2d at 211. In *Reid* "publication" included copying autopsy photos and using them in teaching displays, sharing the photos with co-workers, using the photos to create personal scrapbooks and "showing them at cocktail parties." *Reid*, 136 Wn.2d at 198-200. These facts are entirely distinguishable from responding to police inquiry, as Bi-Mart did here.

This claim fails because there is no evidence Bi-Mart publicized statements that placed Crume in a false light.

Defendant's motion for summary judgment, ECF No. 22, is **GRANTED and the false light claim is dismissed with prejudice.**

**E. Claim five: attempted extortion**

Crume alleges defendant attempted to extort and "continues to attempt to extort money from Ms. Crume with threats of substantial harm

ORDER ON SUMMARY JUDGMENT
 15

within the meaning of R.C.W. 9A.04.110(28)(j) and threats pursuant to RCW 9A.04.110(28)(g) that would jeopardize her unemployment benefits," allegedly causing damage. Crume refers to the $200.00 civil penalty Bi-Mart sought to collect from her. ECF No. 35-2 at ¶¶ 37-38; ¶ 2.111, 2.112.

Bi-Mart answers that it never unlawfully attempted to extort money from Crume. As an employer, nothing prevents Bi-Mart from recovering the cost of the item (the battery), plus a civil penalty of $200.00. ECF No. 23 at 8-10, 13-15, citing RCW 4.24.230.

Extortion requires knowingly obtaining or attempting to obtain property from the owner thereof by means of a threat. RCW 9A.56.110. Threat means communicating directly or indirectly the intent to cause bodily harm, to cause physical damage to another person's property, or to subject the person threatened or anyone else to physical confinement or restraint. RCW 9A.04110(a)(b)(c). Crume alleges "before she could leave the store, however, on August 23, 2011 at Down's direction, Ms. Crume was told she must pay $200 in addition to the retail cost of the watch battery, $4.99." Plaintiff's statement of facts, ECF No. 33 at 21.

Defendant is correct. RCW 4.24.230(1) authorizes imposing a monetary penalty in addition to the purchase price of the item taken. RCW 4.24.230(3) provides these claims may be assigned to a collection agency, as Bi-Mart did with Ms. Crume's civil penalty. It is not extortion when the one making the demand and accused of coercion was seeking to enforce rights which he, in good faith, believed he possessed, either for himself or for those for whom he was acting. See *Bertschinger v. Campbell*, 99 Wash. 142, 150 (1917).

ORDER ON SUMMARY JUDGMENT
 16

Defendant's motion for summary judgment with respect to plaintiff's attempted extortion claim, ECF No. 22, is **GRANTED.** The claim is dismissed with prejudice.

**F. Claim six: disability discrimination and failure to accommodate**

Last, Crume alleges Bi-Mart's actions were discriminatory. She alleges that, despite disabling migraine headaches, Bi-Mart failed to provide reasonable accommodations, failed to engage in the interactive process at all or in good faith, and refused to allow her to work because of actual or perceived disabilities. She alleges this was established when Bi-Mart required her to undergo a drug test and then terminated her "although she was able to perform the essential functions of her job with reasonable accommodations," causing damages. ECF No. 35-2 at ¶¶ 40-42.

1. *Disparate treatment*

It is an unfair practice for an employer to hire, discharge, or discriminate based on a person's sensory, mental, or physical disability. Disparate treatment occurs when an employer discriminates against an employee because of the employee's condition. *Johnson v. Chevron*, 159 Wn.App. 18, 27-28 (2010), citing RCW 49.60.180; *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 145 (2004)(internal citation omitted). A plaintiff's ultimate burden in employment discrimination cases is to produce enough evidence for a trier of fact to reasonably conclude that discrimination was a substantial factor for the adverse employment action. *Callahan v. Walla Walla Housing Authority*, 126 Wn.App. 812, (2005), citing *Hill v. BCTI Income Fund-I*, 144 Wn.2d. 172, 186-87 (2001). If the plaintiff fails to establish a prima facie case or to

ORDER ON SUMMARY JUDGMENT
 17

rebut the defendant's alternative explanation for the adverse action, the defendant is entitled to summary judgment. *Callahan*, 126 Wn.App. at 819 (citation omitted). A prima facie case requires showing that the employee was disabled, subject to an adverse employment action, doing satisfactory work and discharged under circumstances that raise a reasonable inference of unlawful discrimination. *Id.* at 819-20.

Crume alleges she was fired for an improper discriminatory reason, disabling migraine headaches, and a jury could find Bi-Mart fired her because of her disability. ECF No. 34 at 21-22. Bi-Mart answers that there is no evidence supporting Crume's allegation. ECF No. 36 at 15-17.

Defendant is correct. Crume fails to present evidence that she suffers from a disability "that substantially limits the ability to do the job." *Roeber v. Dowty Aerospace Yakima*, 116 Wn.App. 127, 136, *review denied*, 150 Wn.2d. 1016 (2003)(citations omitted). There is no evidence that raises a reasonable inference of unlawful discrimination based on disability because Crume admitted she is not disabled. Crume suffered migraines on occasion. She worked at Bi-Mart for 22 years. By her own admission she was, at times, able to work during when she had a migraine headache or able to take a day off. Further, Crume admitted she was not "aware of any fact" that Sandra Finch decided to fire her because she had migraine headaches. ECF No. 33-2 at 25, 31-32, 34, 45.

Defendant's motion for summary judgment with respect to disparate treatment, ECF No. 22, is **GRANTED** and the claim is dismissed with prejudice.

2. *Failure to accommodate*

The Washington Law Against Discrimination (WLAD) gives rise to a

ORDER ON SUMMARY JUDGMENT
18

cause of action for failure to accommodate, when the employer fails to take steps reasonably necessary to accommodate an employee's condition. *Johnson v. Chevron USA, Inc.*, 159 Wn.App. 18, 27-28 (2010)(citations omitted).

Bi-Mart acknowledges it is legally obligated to reasonably accommodate a disabled employee unless the accommodation would cause the employer undue hardship. ECF No. 23 at 22, citing *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 145 (2004). Bi-Mart is generally correct. *See Frisino* v. *Seattle School Dist. No. 1,* 160 Wn.App. 765, 779, *review denied*, 172 Wn.2d. 1013 (2011).

Establishing discrimination based on failure to accommodate requires showing (1) the employee had a sensory, mental or physical impairment that had a substantially limiting effect upon the ability to perform the job such that the accommodation was reasonably necessary, or doing the job without accommodation was likely to aggravate the impairment such that it became substantially limiting (2) the employee was qualified to perform the essential functions of the job in question (3) the employee gave the employer notice of the impairment and its accompanying substantial limitations and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer. *See Hale v. Wellpinit School Dist. No. 49,* 165 Wn.2d. 494, 502-03 (2009); RCW 49.60.040(25)(d)(I); *Johnson v. Chevron U.S.A., Inc.*, 159 Wn.App. 18, 28-29 (2010).

There is no merit to this claim. Plaintiff's migraine headaches, by her own admission, did not substantially limit her ability to perform the job. ECF No. 24-1, Ex. 1 at pp. 92-93; 169; ECF No. 33, Ex. 2 at pp.

ORDER ON SUMMARY JUDGMENT
19

31-32. Without a substantially limiting effect on the ability to perform the job, a disability, no accommodation is needed. Defendant's motion for summary judgment as to failure to accommodate, ECF No. 22, is **GRANTED. This claim is dismissed with prejudice.**

## VI. CONCLUSION

After considering the motion and the record,

**IT IS ORDERED** that defendants' motion for summary, **ECF No. 22**, is **GRANTED** as to all claims except claim one which will proceed to trial.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 29th day of March, 2013.

<u>s/James P. Hutton</u>

JAMES P. HUTTON

United States Magistrate Judge